IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MARY ARTRIP,

    Plaintiff,

V.                                       CIVIL ACTION NO. 3:04-1187

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr. United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Findings and Recommendation were filed on May 30, 2006, and Plaintiff's objections to the Findings and Recommendation were filed on June 6, 2006.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Findings and Recommendation to which Plaintiff objects, and finds that Plaintiff's objections lack merit. For the reasons set forth below, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** Defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

## II.
## Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g).  The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  A reviewing court is limited to determining whether the Commissioner's final decision is supported by substantial evidence and whether the correct law has been applied. 42 U.S.C. § 405(g).  The Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury[.]" *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987) (citations omitted).  Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached

through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## III.
## Analysis

In her Objections, Plaintiff argues that the Magistrate Judge and Administrate Law Judge (ALJ) made several errors. These alleged errors include: (1) not adequately considering Plaintiff's skin lesions; (2) incorrectly assessing Plaintiff's mental impairments and finding the evaluation conducted by Douglas W. Fischer, M.A., a supervised psychologist, in this regard were not supported by substantial evidence; (3) incorrectly assessing Plaintiff's credibility; (4) failing to consider the combination of Plaintiff's impairments; (5) finding the Commissioner's decision was supported by substantial evidence; and (6) the Magistrate Judge failing to address Plaintiff's arguments that the ALJ erred. Plaintiff's objections are contained in four short paragraphs and contain little argument. Nevertheless, the Court thoroughly has reviewed the record and the decisions made by the ALJ and the Magistrate Judge. For the reasons stated below, the Court finds Plaintiff's objections without merit.

In the Findings and Recommendation, the Magistrate Judge reviewed the ALJ's decision with respect to Plaintiff's skin lesions, identified as neurodermatitis. In his decision, the ALJ noted that the medical evidence from Dr. Sandra Copley and Dr. W. Roy Stauffer indicated that the lesions seemed to wax and wane. Plaintiff did have one lesion that required hospitalization due to an abscess, but otherwise her condition was treated conservatively and she testified that medication was helpful. Dr. Stauffer also opined that the condition did not impact her ability to work. In addition, as noted by the Magistrate Judge, although Plaintiff alleged an onset date of

3

February 14, 1998, Plaintiff did not file her application until May of 2002, and in March of 2002, Plaintiff was doing "fairly well" and she had no complaints in May of 2002. Given this evidence, the ALJ found Plaintiff's neurodermatitis was a non-severe impairment, and this Court finds that such decision is supported by substantial evidence.

In assessing Plaintiff's mental impairments and depression, the Magistrate Judge noted conflicting medical evidence. The ALJ also reviewed this conflicting evidence and gave an in-depth explanation as to why he found Plaintiff's to have a non-severe mental impairment. The Court has reviewed the evidence in this regard and agrees with the Magistrate Judge that, although the evidence conflicts, the ALJ's decision is supported by substantial evidence for the reasons stated in his decision. Thus, the Court denies this objection by Plaintiff.

Plaintiff also complains that the ALJ improperly assessed her credibility because she was unable to afford treatment. However, as noted by the Magistrate Judge in reviewing this argument, the ALJ noted that Plaintiff continued to smoke despite complaining of suffering from asthma. She continued to vacuum and do other modest activities, yet complained of pain and mental difficulties. In addition, the ALJ was able to observe her demeanor and her credibility during her hearing and, according to *Shively v. Heckley*, 739 F.2d 987, 989 (4th Cir. 1984), such findings are to be given "great weight." Thus, despite Plaintiff's contention that she could not afford some of her treatments, the Court finds it cannot say that the ALJ's decision is not supported by substantial evidence.

Other than stated above, Plaintiff makes no specific arguments with respect to the remaining three objections, that is, with regard to Plaintiff's combination of impairments, whether the ALJ's decision is supported by substantial evidence, and what arguments the Magistrate Judge allegedly failed to address. Based upon this Court's review of the record, the Court finds that each of these arguments are without merit. Therefore, the Court denies these objections.

## IV.
## CONCLUSION

Therefore, having reviewed the objections by Plaintiff and finding them to be without merit, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** Defendant's motion for judgment on the pleadings, and **AFFIRMS** the final decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 8, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE